White, C. J.
The defendant in error brought suit rathe Superior Court of Cincinnati against the plaintiff in error for the settlement of the affairs óf a copartnership^, into which the parties had entered, for doing business as-pork-packers in the city of Cincinnati. By the original-articles, among other things, it was stipulated that Cunningham should contribute in stock, credit, and money the-sum of $25,000, and Green a like amount in five-twenty United States bonds. The copartnership was to continue for the term of one-year from the 10th of February, 1868;. and the profits, after deducting all expenses, were to be equally divided and paid at such times as the parties might agree upon. The store-rooms for carrying on the business, were to be furnished by Cunningham, for which he was to be allowed a stipulated rent.
Numerous issues^ were made, in the case, which were disposed of in the court below, and as to which no question is now made.
In taking the account certain sums were allowed to-Green in the form of interest, to which Cunningham ex *299 cepted on the ground that the sums so allowed were illegal: and usurious.
As to these sums there was a special finding, in substance, as follows : At the commencement of the partnership the plaintiff', Green, deposited in bank government bonds to the amount of $30,000, which were made the basis of credit for the firm, the plaintiff' receiving the interest on the bonds. In March, 1869, the plaintiff sold these bonds and put the proceeds directly into the business of the firm. At the end of that year’s business it was agreed to allow the plaintiff interest at the rate of nine per cent, per annum on the amount of the proceeds of the bonds from the time they were thus used by the firm; and-he was accordingly credited with interest at that rate. At the same time it was agreed to renew the partnership for another year, and that the plaintiff', for the year to-come, should be allowed at the rate of ten per cent, on the same amount.
The account's for the first year were balanced and settled between the parties, and so entered on the firm books; but there was no settlement as to the second year.
The court refused to make any abatement of the rate of interest that had been allowed on the settlement of the-first year’s business, and credited the plaintiff at the rate of ten per cent, on the settlement of the business for the second year.
The refusal of the court to reduce the interest to the rate of six per cent, per annum is assigned for error.
We think there was no error in the action of the court below in regard to the allowance of interest. The counsel of the plaintiff in error admit the transaction in question-would not be usurious within the meaning of 12 Anne, Stat. 2, ch. 16, as that statute has been expounded and enforced by the English courts, and from which most of the statutes against usury in this country have been substantially copied.
But they contend the transaction comes within the pro *300 visions of the statute of this state fixing the rate of interest. 66 Ohio L. 91.
Under this act, it is claimed no greater rate of interest ought to have been allowed than six per cent, per annum.
The first section of the act provides the rate of interest that may be stipulated for by the parties to any bond, bill, promissory note, or other instrument of writing, for the forbearance or payment of money.
The second section provides for computing interest on judgments, decrees, or orders rendered on such instruments.
The third section, which is the one relied upon in this case, provides, among other things, that in all other cases than those mentioned in the preceding sections, “ when money shall become due and payable . . . upon any book account, or settlement hereafter made between parties,” and “ upon all verbal contracts hereafter entered into, . . . the creditor or creditors shall be entitled to interest at the rate of six per cent, per annum, and no more.”
The question therefore is, whether the agreement of the parties for the allowance of interest in the settlement of the partnership can be considered, within the meaning of this statute, as a contract for the payment of money.
It seems clear to us that it can not be so considered. There is no pretense that this was a mere colorable arrangement for obtaining illegal interest. The money was not advanced to Cunningham, nor was it to be repaid to Green at all events. The principal, as well as the interest, was put at risk. Whether any part of either was to be repaid depended on the result of the business. The loss was to be borne by both parties. It might be so great as to absorb the whole investment. In that case nothing would be refunded.
An agreement of this character is, in effect, only a mode of compensating the parties for the risks assumed in carrying on the business.

Leave refused.